IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY S. WEBB, SR. #404312       *
      Petitioner,
      v.                            *    CIVIL ACTION NO. ELH-15-4000

WARDEN KATHLEEN GREEN, *et al*.   *
      Respondents.
                                      *****

MEMORANDUM

On December 30, 2015, Antony Webb filed a fee-paid petition for writ of habeas corpus (the "Petition"), pursuant to 28 U.S.C. § 2254, attacking his 2012 convictions for drug and weapons charges in the Circuit Court for Baltimore County. Respondents' answer seeks dismissal of the Petition, arguing that all but one of Webb's ten claims is procedurally defaulted and the non-defaulted claim--the denial of a right to allocution at sentencing--may be dismissed, because it does not allege a violation of federal law (or a constitutional right), nor has it been proven, given the transcript of the proceeding on May 16, 2012, in which Webb entered his guilty pleas to the offenses. ECF 5.

On March 22, 2016, Webb filed a motion to appoint counsel. ECF 6. He claims that, due to his limited legal resources and inability to interpret the legal issues and jargon, an attorney should be appointed for him. *Id*. On April 11, 2016, Webb refiled his request for legal assistance and the appointment of a public defender. ECF 7.

The appointment of counsel for an indigent civil litigant is a matter left to the court's discretion. *See Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). The merits of a litigant's

claims, the nature and complexity of the factual issues, and the litigant's ability to investigate the facts and present his claims should be evaluated by the court when deciding whether to appoint counsel for an indigent civil litigant. *See Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). Rule 8 of the Rules Governing Section 2254 proceedings for the United States District Courts, in pertinent part, provides that counsel must be appointed for a movant who qualifies for appointment of counsel under 18 U.S.C. § 3006A, if the Court finds that an evidentiary hearing is required. *See* Rule 8(c) of the Rules Governing Section 2254 Proceedings. Consequently, there is no absolute right to the appointment of counsel in cases brought under 28 U.S.C. § 2254, unless an evidentiary hearing is required. *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991).

The limited right to counsel created by federal habeas rules is not a constitutional right nor a purely statutory right. Rather, it is a non-constitutional procedural right. *See McGriff v. Dep't of Corrections*, 338 F.3d 1231, 1234 (11th Cir. 2003); *see also Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). The rules do not, however, limit the appointment of counsel under 18 U.S.C. § 3006A at any stage of the case if the interests of justice so require. *See McGriff*, 338 F.3d at 1234.

Assuming, *arguendo*, that Webb is financially eligible for the appointment of counsel, the court finds that the interests of justice do not warrant providing him with representation. The court has determined that a hearing does not appear to be necessary in order to resolve the issues presented in the Petition. The issues appear to be ones that may fairly be resolved upon a review of the record and the written submissions of the parties. Further, Webb has shown his ability to

present his arguments, and the issues presented are neither so extraordinary nor complex as to warrant the appointment of counsel. *See Nachtigall v. Class*, 48 F.3d 1076, 1081-82 (8th Cir. 1995). On this basis, Webb's motions for appointment of counsel (ECF 6 & 7) are hereby denied.

As the Fourth Circuit has explained:

> If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim. *See Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). A procedural default also occurs when a habeas petitioner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1.

*Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

If a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits, or (2) that failure to consider the claim on the merits would result in a miscarriage of justice, *i.e.*, the conviction of one who is actually innocent. *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Breard*, 134 F.3d at 620. "Cause" consists of "'some objective factor external to the defense [that] impeded counsel's efforts' to raise the claim in state court at the appropriate time." *Id.* (quoting *Murray*, 477 U.S. at 488).

Webb has filed a motion for extension of time to file his reply to respondents' answer. ECF 8. The motion shall be granted. Webb shall be given 28 days to file a reply responding to

all arguments raised by respondents and explaining why his first, second, third, fifth, sixth, seventh, eighth, ninth, and tenth grounds should not be procedurally barred.

It is not necessary for Webb to repeat facts and arguments already presented in the original Petition. Instead, the response should focus on explaining why a particular claim has not been defaulted or, if it has been, what "cause" excuses the default and what prejudice would result if the claim is barred. Webb may also attempt to explain why the failure to consider the claim on the merits would result in the continued confinement of one who is actually innocent. Sworn affidavits and additional documents, if they support Petitioner's argument, may be submitted with the response.

An Order follows.

Date: April 19, 2016                                /s/
                                                   Ellen L. Hollander
                                                   United States District Judge