IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY S. WEBB, SR., #404312,

   Petitioner,

v.

WARDEN KATHLEEN GREEN et al.,

   Respondents.

Civil Action No.: ELH-15-4000

# MEMORANDUM

Anthony Webb, a Maryland prisoner, filed a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. §2254. ECF 1 (the "Petition"). Webb also filed exhibits with his Petition. Webb, who is self represented, asserts numerous claims. *Id.*

Respondents filed an answer (ECF 5), with exhibits. They assert that all but one of Webb's claims are procedurally defaulted. ECF 5. Webb was granted an additional 28 days to file a response addressing the allegation that his claims are procedurally defaulted. ECF 9; ECF 10. The court explained to Webb that, "[i]f a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits, or (2) that failure to consider the claim on the merits would result in a miscarriage of justice, *i.e.*, the conviction of one who is actually innocent." ECF 9 at 3 (citing *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Breard v. Pruett*, 134 F.3d 615, 620 (4th Cir. 1998)). Webb filed his response. ECF 12.

Upon review of the pleadings and exhibits, no hearing is necessary in this case. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts and Local Rule

105.6 (D. Md. 2016); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the reasons that follow, the Petition shall be denied and a certificate of appealability shall not issue.

## I. Background

On May 16, 2012, after a jury trial had begun, Webb entered an *Alford* plea in the Circuit Court for Baltimore County on the charges of conspiracy to distribute heroin, conspiracy to distribute cocaine, and possession of a firearm by a convicted felon. ECF 1 at 1-2; ECF 5-1. In accordance with the plea agreement Webb was sentenced to serve 25 years in prison without parole for conspiracy to distribute heroin; 20 years, suspended, for the cocaine offense; and a concurrent five-year non-parolable sentence for the firearms charge. ECF 5-4 at 31-32.

Webb's initial attempt to file a direct appeal of his conviction was dismissed by the Maryland Court of Special Appeals as untimely. ECF 5-1 (docket entries); ECF 12-2 (post-conviction transcript). Webb filed a petition for post-conviction relief in the Circuit Court for Baltimore County on June 3, 2013. ECF 5-2; ECF 12-2. Following a hearing, a consent order was issued on June 24, 2014, granting Webb the right to file a belated application for leave to appeal the entry of his guilty plea. The remaining post-conviction claims were withdrawn by Webb. ECF 12-2 at 24-25.

Webb filed the belated appeal on July 22, 2014, through counsel. In his belated application for leave to appeal, Webb alleged that (1) the trial court denied him his right to allocution at sentencing and (2) his plea was not voluntary because he was not provided enough time to consider the plea offer. ECF 1-1 at 7-9.

On January 13, 2015, in an unreported opinion, the Court of Special Appeals summarily denied the application for leave to appeal. ECF 1-1 at 4-6. The mandate issued on February 13,

2

2015. *Id*. Webb's conviction became final on May 14, 2015, the date his time to seek certiorari review in the Supreme Court expired. Respondents do not contend, nor does this court find, that the Petition is untimely.

## II. Claims in this Court

Webb raises the following claims in his habeas petition: (1) the court failed to "file a 'Notice of Enhancement' and serve it to [Webb] at least fifteen (15) days before trial;" (2) the court never held an evidentiary hearing to allow Webb to view all of the evidence so that he could make an informed decision on whether to go to trial or take a plea deal; (3) there was no valid waiver of a jury trial; (4) Webb was not provided an opportunity to speak and present information in mitigation of punishment; (5) the court erred in accepting the guilty plea without proof of all elements of the crime; (6) the court erred when it did not require an adequate statement of facts to support the guilty plea; (7) the court erred when it failed to find out if Webb was coerced into taking the plea and threatened Webb with an 80 year sentence; (8) the court did not establish it had jurisdiction over the criminal case; (9) the court allowed the state to use illegally seized evidence collected pursuant to an invalid search warrant because it did not specify the places to be searched; (10) the court failed to question the defendant on the record about the nature of his charges. ECF 1 at 6-8.

## III. Allocution claim

Webb presented his claim that the trial court denied him his right to allocution at sentencing to both the Circuit Court and the Court of Special Appeals. Webb claims that the trial court's failure to allow his allocution is a violation of his federal constitutional right of due process. ECF 12 at 11. He claims that the transcript of his plea does not support a finding that the trial court advised him that this was his only opportunity to speak, and his attorney did not

ask him if he had any comments. *Id*. at 10-11. In his Petition, Webb asserts that his opportunity for allocution would have afforded him the chance to provide information in mitigation of punishment. ECF 1 at 7.

The plea transcript reflects that Webb was advised regarding the length of the sentence imposed as follows:

> THE COURT: The next would be whether or not there was a sentence that was legal, and that's call (sic) the legality of sentence. Now because of the statutory requirement, the sentence carries ordinarily would be a 20 year sentence, but because of the number of offenses and the State having served notice, it is enhanced. There's a 25-year minimum mandatory that the State has filed notice about. You understand that?
>
> THE DEFENDANT: Yes.
>
> MR. NEVERDON [Trial counsel]: Based on that it means that this Court is bound and obligated at a bare minimum to sentence you to 25 years, and he's not going over that. Do you understand that?
>
> THE DEFENDANT: Yes.

ECF 5-4 at 12.

Further, counsel explained that "this is a binding plea, and as I said to you before that statutorily, this Court cannot amend or modify this sentence." *Id*. at 16. Webb indicated he understood that the sentence could not be changed. *Id*. Webb was indeed given an opportunity to raise questions or concerns during the plea proceeding (*see* ECF 5-4 at 3-4), it is clear that any information he would have provided in an effort to reduce the sentence imposed would not have had the effect he wanted, because the sentence was mandatory and the plea agreement was binding. It is equally clear under the circumstances that Webb's missed opportunity for allocution was in no way a violation of his constitutional due process rights. To the extent that Webb had a right of allocution under Maryland state law, a violation of state law is not a viable basis for federal habeas relief. *See Wilson v. Corcoran*, 562 U.S. 1, 1 (2011) (holding courts

4

may not issue writs of habeas corpus to prisoners whose confinement does not violate federal law."); *Spencer v. Murray*, 18 F.3d 267 239-40 (4th Cir. 1995) (holding where petitioner alleged error in admissibility of evidence, without reference to any constitutional right infringed, petitioner failed to state a claim).

## IV. Procedural Default

Where a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether it be by failing to raise the claim in post-conviction proceedings or on direct appeal, or by failing to timely note an appeal, the procedural default doctrine applies. *See Coleman v. Thompson*, 501 U. S. 722, 749-50 (1991) (failure to note timely appeal); *Murray*, 477 U. S. at 489-91 (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U. S. 41, 46 (1972) (failure to raise claim during post-conviction); *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982) (failure to seek leave to appeal denial of post-conviction relief). A procedural default also may occur where a state court declines "to consider the merits [of a claim] on the basis of an adequate and independent state procedural rule." *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999).

As the Fourth Circuit has explained in *Breard*, 134 F.3d at 619:

> If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim. *See Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). A procedural default also occurs when a habeas petitioner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id*. at 735 n.1.

If a procedural default has occurred, a federal court may not address the merits of a state prisoner's habeas claim unless the petitioner can show (1) both cause for the default and prejudice that would result from failing to consider the claim on the merits, or (2) that failure to

5

consider the claim on the merits would result in a miscarriage of justice, *i.e.* the conviction of one who is actually innocent.[1] *See Murray*, 477 U.S. at 495-96; *Breard*, 134 F.3d at 620. Cause for a procedural default turns "on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488. Even where a petitioner fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits of a petitioner's claims in order to prevent a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U. S. 298, 314 (1995).

Respondents assert that Webb no longer has viable avenues for direct appeal or post-conviction challenges to raise the remaining defaulted claims in his Petition. In response to the assertion that his claims are procedurally defaulted, Webb asserts that the post-conviction court was unreasonable during the hearing and, in essence, forced him to drop all of the claims he wished to raise in exchange for the State's agreement to allow Webb to file a belated application for leave to appeal. ECF 12 at 10. Review of the post-conviction hearing transcript vitiates his Webb's claim.

After a discussion on the record regarding a request for postponement made by Webb's post-conviction counsel, because Webb wanted to raise additional issues, the hearing was adjourned for an hour. ECF 12-2 at 1-7. The adjournment was granted for the purpose of

---

[1] Habeas petitioners may use an actual innocence claim to excuse the procedural default of a separate constitutional claim upon which they request habeas relief. *See Murray v. Carrier*, 477 U.S. at 496. "[When] a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id.*; *see also Reid v. True*, 349 F.3d 788, 806 (4th Cir. 2003). Petitioners who wish to use a claim of actual innocence as a gateway to raising an otherwise defaulted constitutional claim must demonstrate by a preponderance of the evidence that a reasonable juror could not have convicted the petitioner in light of the new evidence. *See Buckner v. Polk*, 453 F.3d 195, 199-200 (4th Cir. 2006).

allowing Webb to discuss the additional issues he wanted to raise. *Id*. at 7-9. Counsel then proffered the eight additional grounds that Webb wanted to raise, which were: (1) permission to file a belated appeal; (2) permission to file a belated request for a three-judge panel review; (3) the plea was coerced; (4) ineffective assistance of counsel for failure to subpoena and have witnesses available for trial; (5) inadequate time was afforded to Webb to consider the plea offer; (6) ineffective assistance of counsel for failing to provide Webb with all discovery materials prior to trial; (7) ineffective assistance of counsel for failing to file a pre-trial motion asserting that Baltimore County was the improper venue for trial; and (8) the sentence was illegal because one of the prior convictions used to enhance the sentence was improperly used for enhancement. *Id*.

After confirming that Webb had asked trial counsel to file an appeal on his behalf and the appeal was not filed in a timely manner (ECF 12-2 at 14), the post-conviction court made the following observations:

> THE COURT: . . . [F]rom what I'm hearing, I should grant his request for post-conviction relief. He asked his lawyer to file an application for leave to appeal. His lawyer didn't do it timely. He should get what he wants on that issue.
>
> MS. COHEN [for the State]: As to the belated appeal?
>
> THE COURT: Right.
>
> MS. COHEN: The state was in agreement, and Your Honor, that wasn't re-raised so that's why we never addressed that issue with you, but now that he's raising that ----
>
> THE COURT: Well, if he gets that because the rest of the stuff, Mr. Webb, is not impressive. So can we make some sort of agreement? I mean, if he gets – I mean, the plea isn't coerced. I read – I read the transcript start to finish. It's 36 pages long. It's not coerced. You were in the middle of a jury trial.
>
> You were facing 80 years' incarceration if you were convicted. You were in front of an extremely tough sentencer, and I'm sure Mr. Neverdon told you

that; and you said you know what, this does not look good for me because I know this Cavanaugh guy, and he gives people 100 years. So he isn't going to think twice about giving me 80.

So you say a ha, I've got a chance for a plea, and you guys went in the back with Judge Cavanaugh; and you came up with a binding plea. So you talked about that with Mr. Neverdon, and then frankly, the discussion on the record is pretty significant, shall we say. It's very detailed.

So there's no way your plea is coerced. Ineffective in failing to subpoena, we would need Mr. Neverdon here because I know you're in the middle of a jury trial, so I don't know what was going on with respect to who was subpoenaed and ready to go and who wasn't.

We talked about and in the transcript it talked about specific people who some had already been cross-examined, and others were on the witness list. So I wouldn't be able to decide that today. You'd need Mr. Neverdon. I'd give an adequate time to consider the plea offer. You get what you get when you're in the middle of a jury trial, and you take a deal.

Nobody's going to stop everything, and you know, come back days later an besides that, it's clear throughout this transcript, Mr. Webb says he understands and they have talked about it. I mean, it's page after page. . . .

Pretrial motion about Baltimore County on the record, you said this happened in Baltimore County and you were over 18. So to suggest that it should have been somewhere else, then that means you weren't being truthful in trial.

So I'm not – that doesn't seem like a good argument. And I don't know about the illegal sentence, but it seems to me the gentleman should be entitled to a belated application for leave to appeal; and the thing that Mr. Webb asked for was the belated motion to modify.

I mean, you know, the cases say the fact that you're going to lose your motion to modify doesn't negate your right to file one, but you understand the judge couldn't change that sentence; so if I let you file a motion to modify, it will be denied. It has to be.

***

 . . . But just looking at what you said, seems to me that your best argument is the belated application for leave to appeal. So why don't you talk with Ms. McDonnell about whether you want that. If that's the thing you really want, I'm going to grant it. If you want to pursue these other things, then I got to postpone it.

ECF 12-2 at 14-17.

The post-conviction court thus made clear its view that only one of Webb's claims had any merit and that a postponement would only be granted if the State requested it in order to have trial counsel, Russell Neverdon, attend the hearing. *Id*. at 18. Webb's amended claims, in the post-conviction court's view, were raised at the last possible moment. *Id*. After a brief recess during which post-conviction counsel was given an opportunity to consult with Webb, Webb agreed to withdraw the new claims "with prejudice" and accept the decision to grant the belated application for leave to appeal. *Id*. at 19-20. Webb was then placed under oath and agreed to the withdrawal of his claims. *Id*. at 20-28.

Webb's offer as "cause" for the procedural default in this case, *i.e.*, that he was coerced by the post-conviction judge to withdraw his claims, is without merit. Further, based on the transcript of the plea agreement and the post-conviction hearing, it is clear that Webb cannot establish prejudice resulting from his inability to raise the claims asserted. There is no fundamental miscarriage of justice that is evident from the record.

## V.  Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because the accompanying Order is a final order adverse to the applicant, 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability before an appeal can proceed.

A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner may satisfy the standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petition is denied

9

on procedural grounds, the petitioner may meet the standard by showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling," *Id*. Webb has failed to satisfy this standard on any of the claims raised and therefore a certificate of appealability shall not issue.

A separate Order follows.

September 28, 2018　　　　　　　　　　　　　　/s/
Date　　　　　　　　　　　　　　　　　　　Ellen L. Hollander
　　　　　　　　　　　　　　　　　　　　　United States District Judge